UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY L. MUTSCHLER, | : | |
| | : | |
| Plaintiff | : | |
| v. | : CIVIL NO. 3:CV-14-2477 | |
| | : | |
| BRENDA L. TRITT, et al., | : (Judge Kosik) | |
| | : | |
| Defendants | : | |

**FILED
SCRANTON**

MAY 2 0 2015

PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff ,Tony L. Mutschler, filed this civil rights action pursuant to 42

U.S.C. § 1983, wherein he alleges Eighth Amendment violations against current

and/or former employees at the State Correctional Institution at Frackville ("SCI-

Frackville"), his current place of confinement.  Presently before the court for

consideration are Plaintiff's motions for hearing (Doc. 3), for appointment of counsel

(Doc. 23), and to quash subpoenas served by Defendants to obtain records necessary

to respond to the complaint[1] (Doc. 18).

## I.    Background

Plaintiff claims that beginning on or about May 10, 2014, he has been

subjected to unsanitary and unhealthy conditions of confinement, as well as denied

adequate medical care in violation of the Eighth Amendment.  (Doc. 1, Compl. at 6.)

---

[1] Plaintiff also filed a document on March 5, 2015 labeled as a "Motion to Grant Defendant Motion Last Petition" (Doc. 24).  This filing actually appears to be Plaintiff's reply brief with respect to his motion to quash.

Named as Defendants are the following SCI-Frackville employees: Brenda Tritt, Facility Manager; Mr. Miller and Mr. Kovlchik, Deputy Superintendents; Ms. Stanisheski, Medical Department Supervisor; Dr. Harewood, prison doctor; and Lieutenant Manbeck, Head of the Restrictive Housing Unit ("RHU"), where Plaintiff is confined.

Plaintiff alleges that he is 95% incontinent. The other 5% of the time he is unable to "release" at all, and requires a catheter. He claims that Defendant Harewood, M.D., has cut his medical supply in half and denies him an adequate number of diapers. He also asserts that his pain medications have been stopped. (Id. at 4.) He contends that Defendants allow the urine-soaked diapers to pile up in his cell. Because he is confined in the RHU, he is dependant on Defendants to open the "pie hole" for removal of his trash. He further alleges that he is forced to wear the urine-soaked diapers for long periods of time or be forced to walk around naked for which he would be disciplined. He claims that removing the soiled diapers would result in the soiling of his clothing and bedding. (Id.)

Plaintiff claims that Defendant Stanisheski is aware of these conditions because she signs off on the grievances he files. Defendant Manbeck is aware because he makes the daily rounds in the RHU. According to Plaintiff, Defendant Tritt has stated that she does not want to hear about his conditions, and Defendants Miller and Kovlchik have seen what is taking place "with there (sic) own eyes". (Id. at 5.)

2

Plaintiff also alleges that he is being denied adequate medical treatment for arthritis in his back, shoulder and hips, and for carpal tunnel syndrome in both wrists. Defendant Harewood has told him to purchase aspirin in the commissary, but Plaintiff states that he is allergic to aspirin. Based on the foregoing, he seeks declaratory, injunctive, compensatory and punitive relief.[2]

## II.   Discussion

### A.   Motion for counsel

Plaintiff has filed a motion for counsel. (Doc. 23.) In support thereof, he claims that he has little money and currently sells food to earn money. He also states that he is involved in litigating another civil action at this time, as well as his criminal case. He argues that the issues involved in this action are complex, that counsel for Defendants are using words that he does not understand, and that discovery will be necessary in this case. Plaintiff further claims that mental strain is affecting his ability to litigate this action on his own.

There is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1)(Noting that appointment of counsel pursuant

---

[2] In his complaint, Plaintiff also demands a jury trial. (Id. at 10.) As such, the Clerk of Court will be directed to make the appropriate notation on the docket.

to 28 U.S.C. § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

4

2.  The difficulty of the particular legal issues;

3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4.  The plaintiff's capacity to retain counsel on his or her own behalf;

5.  The extent to which a case is likely to turn on credibility determinations; and

6.  Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time.  Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff so far are clearly written, cite to pertinent legal authority, and detail the claims he desires to pursue.  It is evident in reviewing Plaintiff's submissions thus far, that he is literate and capable of litigating this action on his own.  Moreover, the legal issues involved are not complicated.  Any health conditions alleged do not appear to limit his ability to litigate this action at this time. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own.  This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel.  His pending motion for counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either

5

*sua sponte* or pursuant to a properly filed motion.

  B.  Motion for hearing

  At the same time this action was commenced, Plaintiff also filed a document entitled "Motion for hearing". (Doc. 3.)  In the motion, Plaintiff seeks injunctive relief in the form of a hearing and/or a transfer to a different prison based upon the claims set forth in his complaint.  He bases his requests on "the imminent danger of injury and harm" due to the unsanitary conditions he is subjected to at SCI-Frackville.

  Inmate pro se pleadings which seek emergency relief in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure.  A preliminary injunction is an "extraordinary remedy" that should issue only in limited circumstances. Rawls v. Pa. Dep't of Corr., 334 F. App'x 462, 464 (3d Cir. 2009).  In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) the likelihood that the movant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992)(citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)); Chimenti v. Kimber, 2009 WL 2957792, *1 (M.D. Pa. 2009)(Vanaskie, J.).  If the record does not at least

support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987); Spotts v. United States, 2013 WL 753520, *3 (M.D. Pa. 2013) (Carlson, M.J.), adopted by, 2013 WL 753799 (M.D. Pa. 2013)(Kosik, J.). The moving party bears the burden of demonstrating these factors. Chimenti, 2009 WL 2957792, at *1 (citing Dorfman v. Moorhous, 1993 WL 483166, *1 (E.D. Pa. 1993)). The decision whether to grant injunctive relief is left to the sound discretion of the court. See Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 374, 385 (3d Cir. 2012).

"Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." McLaughlin v. Fultz, 2008 WL 239557, *4 (M.D. Pa. 2008)(Kosik, J.). Speculative injury does not constitute a showing of irreparable harm. Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980); Azzara v. Scism, 2012 WL 722342, *10 (M.D. Pa. 2012)(Nealon, J.). The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989); Azzara, 2012 WL 722342, at *9-10. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is]

7

the only way of protecting the plaintiff from harm." Instant Air Freight Co., 882 F.2d at 801.

Plaintiff moves for injunctive relief on the basis of the unsanitary conditions he alleges in the complaint, and the inadequate care he is receiving in terms of an adequate number of clean diapers. He also claims that he is in imminent danger of body scaring, infections and pain, and that he currently suffers from a urinary tract infection.

Plaintiff carries the burden of demonstrating both a reasonable likelihood of success on the merits of the claims contained in the complaint, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998). If he fails to carry this burden on either of these elements, his motion for injunctive relief should be denied. See Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989). The demonstration of a reasonable likelihood of success here is questionable for the following reasons. Currently pending is a motion to dismiss filed by Defendant Harewood, wherein it is argued that Plaintiff was provided with a one day supply of diapers every morning and, that should he need replacements, he was able to request the same from nursing and to exchange a used diaper for a new one. (Doc. 27, Ex. A.) Moreover, the one-for-one exchange was instituted due to incidents of Plaintiff's misuse of the diapers. While Plaintiff claims that he is currently experiencing a urinary tract infection, he does not allege in his

8

motion for injunctive relief that he has requested and been denied treatment for this condition. To the extent he expresses worry that he will develop future infections or skin scarring/rashes, the mere risk of injury is not sufficient to meet the standard necessary to establish irreparable injury. See Stilp v. Contino, 629 F.Supp.2d 449, 466 (M.D. Pa. 2009). Further, the feared injury or harm alleged by Plaintiff must be more than serious or substantial, it must be of a peculiar nature so that money cannot compensate for the harm.

The injunctive relief sought by Plaintiff directly relates to the merits of the ultimate issues in the case presently pending, and the court will refrain from granting such relief at this time. See Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997)("The purpose of a preliminary inunction is to preserve the status quo, not to decide the issues on their merits."). The ultimate issues will be decided by this court, either upon resolution of Defendants' motions to dismiss or later motions for summary judgment, or at trial. For these reasons, Plaintiff's motion for injunctive relief will be denied.

C.    Motion to Quash Subpoenas

Plaintiff has filed a motion to quash several subpoenas served by Defendants on the Department of Corrections to obtain records they believe are necessary in order to respond to the complaint.[3] (Doc. 18.) He challenges the subpoenas as vague/ill-

---

[3] The subpoenas basically sought medical records and grievance documents.

defined and boilerplate. (<u>Id</u>. at ¶¶ 1-2.)  Defendant Harewood has filed opposition to the motion.  Thereafter, Plaintiff filed a document entitled "Motion to Grant Defendant Motion Last Petition."  (Doc. 24.)  This motion is actually a reply brief with respect to the pending motion to quash.  In his reply brief, Plaintiff now appears not to contest the subpoenas. As such, the pending motion to quash will be denied as moot.  An appropriate order will issue.