UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

NOV 0 1 2016

Per_____
DEPUTY CLERK

TONY L. MUTSCHLER,

    Plaintiff,

v.

BRENDA L. TRITT, et al.,

    Defendants.

CIVIL NO. 3:14-CV-2477

(Judge Kosik)

## MEMORANDUM

Before the court are motions filed by Plaintiff Tony L. Mutschler for sanctions (Doc. 76) and for default judgment (Doc. 83) against Defendants for their failure to respond to discovery requests sent by Plaintiff. For the reasons that follow, the motions will be denied.

**I.**    **Background**

An order was issued by the court in the above civil rights case filed by Plaintiff pursuant to 42 U.S.C. § 1983 on July 28, 2016, setting the close of discovery for September 2, 2016. (Doc. 73.) Any dispositive motions were to be filed by the parties on or before October 3, 2016. (Id.) On September 30, 2016, Defendant Harewood filed a motion for summary judgment in this matter. (Doc. 77.) The remaining Defendants moved to enlarge the period for filing dispositive motions until

October 17, 2016. This motion was granted (Doc. 81), and on said date, a motion for summary judgment was filed by the remaining defendants. (Doc. 84.) Plaintiff has been granted an enlargement of time within which to respond to Defendant Harewood's motion for summary judgment (Doc. 89), and Plaintiff's response to the motion for summary judgment filed by the remaining Defendants is not yet due.

On September 15, 2016, Plaintiff filed a motion for sanctions. (Doc. 76.) In the motion, Plaintiff seeks sanctions against Defendants for the failure to respond to discovery requests he timely sent to them. He claims that he spoke with counsel for Defendants, and was content to have the responses sent a few days late, but claims that he did not receive them when he thought he would. As such, he seeks "appropriate sanctions" against Defendants for the failure to comply with the Federal Rules regarding discovery. Attached to the motion are the court's order of August 29, 2016, granting Defendants' motion to depose Plaintiff and reminding Defendants' that discovery was scheduled to close on September 2, 2016 (Doc. 76 at 4) and of Plaintiff's discovery request (Id. at 6-10) dated July 11, 2016.

On October 7, 2016, Plaintiff filed a motion for default judgment against Defendants for their failure to comply with the discovery rules due to their continued failure to provide him with their responses to his discovery requests. (Doc. 83.) He seeks $500,000.00 against each Defendant and wants judgment entered in his favor in

2

this case. He claims he has been prejudiced, and that trial is being delayed due to Defendants' failure to provide the responses. Although the document was filed with the court on October 7, 2016, it was dated October 3, 2016 by Plaintiff.

On October 6, 2016, Defendants opposed Plaintiff's motion for sanctions claiming that Plaintiff had now been provided with the responses to his requests and had suffered no prejudice by receiving the responses late. (Doc. 82.)

## II. Discussion

Federal Rule of Civil Procedure 37 provides that if a party fails to obey an order to provide discovery the court may fashion appropriate sanctions. The court may impose whatever sanctions are just. See Grant v. Clairol, Inc., 113 F.R.D. 574 (E.D. 1986). The decision whether to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court. Grider v. Keystone Health Plan Central Inc., 580 F.3d 119 (3d Cir. 1990).

In the instant case, there is no dispute that Plaintiff sent timely discovery requests to Defendants, and that Defendants did not send back timely responses. However, Defendants state in their opposition to Plaintiff's motion for sanctions that the reason responses had not been sent timely was due to the voluminous nature of the documents responsive to Plaintiff's request regarding medical records. In any

3

event, Defendants state in their October 6, 2016 response to Plaintiff's motion that the responses had now been sent. While Plaintiff filed a motion for default judgment due to his lack of receipt of the responses, it is clear that the motion and Defendants' responses crossed in the mail. As such, sanctions do not appear appropriate in this case. While the responses are not timely, Plaintiff does not dispute that he now has them, and that he was at least willing to accept them after the original deadline. While he may have wanted them sooner than he received them, he did not file a motion to compel prior to the motion for sanctions. In fact, it appears that he is now attempting to pursue a motion to compel with respect to the responses he has received.

As such, the pending motion for sanctions and motion for default judgment will be denied. The court does not find that Plaintiff suffered any prejudice with respect to the late receipt of the discovery responses and has, in fact, filed a motion to compel with respect to said responses. Although Plaintiff speaks of a trial in this case, no such trial has been scheduled, and is premature at this juncture. Moreover, Plaintiff's request for an enlargement of time within which to oppose Defendant Harewood's motion for summary judgment has been granted. The only possible prejudice that Plaintiff could claim is his inability to file a dispositive motion, however he never moved to enlarge the dispositive motions period due to the lack of receipt/late receipt

4

of discovery. Moreover, any request for the award of attorney's fees is inappropriate in this case. Plaintiff is proceeding pro se. He is not entitled to attorney's fees. See Kay v. Ehrler, 499 U.S. 432 (1991); Brown v. James, No. 4:CV-03-0631, 2008 WL 598271 at *2 (M.D.Pa. Feb. 29, 2008)(McClure, J.).

While the discovery period has elapsed, the court will allow the pending motion to compel to proceed, and will direct Defendants to file their response thereto within fifteen (15) days. The due date for Plaintiff's briefs in opposition to Defendants' pending motions for summary judgment will be stayed pending a decision by the court with respect to the pending motion to compel discovery. The discovery deadline is only enlarged with respect to the pending motion to compel and the court's decision thereon. An appropriate order follows.