UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TONY L. MUTSCHLER,                  :
                                    :
    Plaintiff,                      :
                                    :
  v.                                :       CIVIL NO. 3:14-CV-2477
                                    :
BRENDA L. TRITT, et al.,            :       (Judge Kosik)
                                    :
    Defendants.                     :

**MEMORANDUM**

Before the court is a filing styled by Plaintiff as a "Writ of Mandamus" against all defendants in the above matter except Defendant Harewood.  (Doc. 93.)  In the motion, Plaintiff seeks that default be entered against the defendants (except Harewood) due to their failure to comply with disclosure and discovery.  For the reasons that follow, the motion will be denied without prejudice to the court's consideration of the Plaintiff's pending motion to compel, and construed as a supplement to the motion to compel.

**I.   Background**

An order was issued by the court in the above civil rights case filed by Plaintiff pursuant to 42 U.S.C. § 1983 on July 28, 2016 setting the close of discovery for September 2, 2016.  (Doc. 73.)  Any dispositive motions were to be filed by the

parties on or before October 3, 2016.  (Id.)  On September 30, 2016, Defendant Harewood filed a motion for summary judgment in this matter.  (Doc. 77.)  The remaining Defendants moved to enlarge the period for filing dispositive motions until October 17, 2016.  This motion was granted (Doc. 81) and on said date, a motion for summary judgment was filed by the remaining defendants.  (Doc. 84.)  Plaintiff has been granted an enlargement of time within which to respond to Defendant Harewood's motion for summary judgment (Doc. 89), and Plaintiff's response to the motion for summary judgment filed by the remaining Defendants is not yet due.

On September 15, 2016, Plaintiff filed a motion for sanctions.  (Doc. 76.)  In the motion, Plaintiff sought sanctions against Defendants for the failure to respond to discovery requests he timely sent to them.  He claims that he spoke with counsel for Defendants, and was content to have the responses sent a few days late, but claims that he did not receive them when he thought he would.  As such, he sought "appropriate sanctions" against Defendants for the failure to comply with the Federal Rules regarding discovery.

On October 7, 2016, Plaintiff filed a motion for default judgment against Defendants for their failure to comply with the discovery rules due to their continued failure to provide him with their responses to his discovery requests.  (Doc. 83.)  He sought $500,000.00 against each Defendant, and requested judgment entered in his

favor in this case. He argued that he has been prejudiced by Defendants' actions and that the trial in this matter is being delayed due to Defendants' actions. On October 6, 2016, Defendants opposed Plaintiff's motion for sanctions claiming that Plaintiff had now been provided with the responses to his requests, and had suffered no prejudice by receiving the responses late. (Doc. 82.)

After engaging in a thorough discussion of Federal Rule of Civil Procedure 37, the court denied Plaintiff's motions for sanctions and for default judgment. (Docs. 91, 92). However, defendants were directed to respond to Plaintiff's pending motion to compel (Doc. 90) within fifteen (15) days. Any further briefing with respect to Defendants' pending motions for summary judgment were stayed pending a decision by the court on Plaintiff's motion to compel. (Doc. 92.) The fifteen (15) day time period has not yet expired.

## II.   Legal Standard

Plaintiff has filed a "Writ of Mandamus" claiming that all Defendants, with the exception of Defendant Harewood, have failed to comply with discovery in this matter, and that he has been prejudiced. He provides argument in his filing as to why Defendants have been non-compliant with his discovery requests, and why default judgment should be entered against them. Mandamus is not appropriate in this case, and the court will construe Plaintiff's filing as a supplement to his pending motion to compel.

A petition for writ of mandamus is a request for the court to order a public official to perform some legally mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S. C. § 1361, and provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief, which must comply with demanding legal standards. It is well-settled that "[t]he writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). Thus, as a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000); Aerosource, Inc. v. Slater, 142 F.3d 572, 582 (3d Cir. 1988).

Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003).

**III. Discussion**

In the instant case, Plaintiff is unable to meet either of the requirements for seeking mandamus relief. There is presently outstanding a motion to compel that has

been filed by Plaintiff. Defendants' response is not yet due. The basis of the pending writ of mandamus is about Defendants' failure to comply with discovery requests. As the court has stated in the past, mandamus is not to be used as a substitute for the normal course of discovery. (Doc. 64). As such, any ruling in favor of Plaintiff at this juncture is premature. He could very well prevail, in whole or in part, on his pending motion to compel. He is suffering no prejudice in that the court has stayed any briefing deadlines on the pending motions for summary judgment filed by Defendants. To the extent Plaintiff argues that his other cases are being "held up" due to Defendants' actions, the court finds that any such argument is not supported by Plaintiff. Also, if Plaintiff is overwhelmed because of the number of cases he has filed, he only has himself to blame and can seek enlargements of time, if warranted and necessary. At best, Plaintiff's filing is a supplement to his pending motion to compel.

For these reasons, the pending motion for a writ of mandamus (Doc. 93) will be denied without prejudice. An appropriate order follows.