# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY MUTSCHLER, | : | |
| Plaintiff, | : | |
| v. | : | No. 3:14-CV-2477 |
| BRENDA TRITT, ET AL., | : | (Judge Brann) |
| Defendants. | : | |

## ORDER

### APRIL 3, 2018

**I.  BACKGROUND**

Tony Mutschler an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette) filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  This matter was initially assigned to the Honorable Edwin M. Kosik of this Court, now retired.

Following service of the Complaint, the claims against Secretary John Wetzel of the Pennsylvania Department of Corrections were voluntarily withdrawn.  *See* Doc. 21.  Thereafter, this matter was referred to the Court's Prisoner Mediation Program and counsel was appointed to assist the Plaintiff in the mediation process.  Settlement of this case was not reached through mediation.

Defendant Doctor Adrian Harewood subsequently filed a motion for summary judgment. *See* Doc. 77. The Commonwealth Defendants thereafter filed a separate summary judgment motion. *See* Doc. 84. By Memorandum and Order of Judge Kosik dated November 1, 2016, the summary judgment motions were stayed pending disposition of the Plaintiff's motion to compel discovery (Doc. 90). This matter was then reassigned to the undersigned.

In addition, to the aforementioned motion to compel, Plaintiff has filed additional discovery related motions. *See* Docs.108 (motion for discovery related sanctions); 109 (request that the Court serve Defendants with a copy of his motion for sanctions) ; 110 (amended motion for discovery sanctions), 112 (motion for discovery related sanctions) ; and 114( motion seeking entry of default for failure to provide discovery).

With respect to Plaintiff's discovery related motions, due to the passage of time and based upon a review of the record it appears there is a potential that all or some of Plaintiff's outstanding discovery issues may have been resolved or are amenable to settlement without court intervention. Consequently, in an effort to bring about an orderly disposition of this action, Plaintiff's pending discovery related motions as well as the Defendants' previously submitted summary judgment motions will be dismissed without prejudice. The dismissed dispositive motions may be renewed following the completion of discovery.

Furthermore, the Court will direct the parties to confer in a good faith effort to resolve by agreement the discovery issues outlined by Mutschler within thirty (30) days of the date of this Order.  The parties may confer either in person, telephonically, or via videoconferencing.  Thereafter, within fourteen (14) days following the parties' conference, Plaintiff, if he so chooses, may file a **single**, properly supported motion to compel with respect to any and all unresolved discovery disputes.

For the purposes of said conference, the *pro se* Plaintiff is advised in advance that discovery is generally permitted only of any items that are relevant or may lead to the discovery of relevant information.  *Hicks v. Big Bros./Big Sisters of Am.,* 168 F.R.D. 528, 529 (E.D. Pa. 1996).  Thus, discovery in this matter would be limited to only those materials which are relevant to his surviving claims.  Second, the Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information pertaining to wither correctional staff members or other prisoners.  *S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.*, No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991).  It is also noted that the Privacy Act, 5 U.S.C. § 552a(b)(6), precludes production of personnel and medical files and similar files the disclosure of which would constitute a clear and unwarranted invasion of privacy.

Furthermore, prisoners have no right to free photocopying for use in lawsuits. *Johnson v. Moore*, 948 F. 2d 517, 521 (9th Cir. 1991)("denial of free photocopying does not amount to a denial of access to the courts"); *Harrell v. Keohane*, 621 F. 2d 1059 (10th Cir. 1980); *Jenkins v. Porfiro*, Civil Action No. 3:CV-95-2048, slip op. at 1 (M.D. Pa. May 15, 1996) (Caputo, J.). It has also been held that there is no requirement that the government or a defendant has to pay for an indigent plaintiff's litigation efforts. *Smith v. Yarrow*, 78 Fed. Appx. 529, 544 (6th Cir. 2003).

Finally, in light of the issuance of this Order, Plaintiff's motion (Doc. 117) seeking mandamus relief will be denied as moot. In addition, since all of the Defendants responded to the Compliant by filing respective summary judgment motions, Plaintiff's motion (Doc. 120) seeking entry of default will be denied. A deadline for the submission of new and renewed dispositive motions will also be established.

**AND NOW**, for the reasons set forth herein, **IT IS HEREBY ORDERED** that:

1. Defendants' respective motions for summary judgment (Docs. 77 & 84) are **DISMISSED WITHOUT PREJUDICE**. Those motions may be renewed following disposition of the pending discovery dispute.

2. Plaintiff's discovery related motions (Docs. 90, 108, 109, 110, 112, 114) are **DISMISSED WITHOUT PREJUDICE**.

3. Within thirty (30) days of the date of this Order, the parties are directed to confer in a good faith effort to resolve by agreement the discovery issues outlined by Mutschler in accordance with the standards set forth herein.

4. Within fourteen (14) days following the parties' conference, Plaintiff, if he so chooses, may file a single properly supported motion to compel with respect to any unresolved discovery issues.

5. Plaintiff's motion (Doc. 117) seeking mandamus relief is **DISMISSED AS MOOT**.

6. The Plaintiff's motion (Doc. 120) seeking entry of default is **DENIED**.

7. Discovery shall be completed within sixty (60) days of the date of this Order.

8. Any dispositive motions may be filed within thirty (30) days of the close of discovery.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge