# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY L. MUTSCHLER, | No. 3:14-CV-02477 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| BRENDA L. TRITT, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### FEBRUARY 11, 2025

This is a prisoner civil rights case in which I previously granted judgment in favor of Defendants following a bench trial on Plaintiff's remaining Eighth Amendment deliberate indifference claim. Following a limited remand from the United States Court of Appeals, the case is before me for resolution of a discovery issue related to video evidence. For the reasons that follow, I will order Defendants to produce one video that was provided for *in camera* review and give Plaintiff an opportunity to advance any arguments he wishes to make as to why the video justifies reconsideration of my entry of judgment in Defendants' favor.

By way of relevant procedural history, Plaintiff filed this case on December 30, 2014, alleging violations of his civil rights by various defendants connected to Frackville State Correctional Institution ("SCI-Frackville"), including Dr. Adrian

Harewood and six Pennsylvania Department of Corrections ("DOC") officials.[1] Plaintiff, who suffers from incontinence, alleges Defendants did not prescribe him enough adult diapers, and as a result he was forced to sleep in urine-soaked diapers and bedding for hours at a time; Plaintiff also alleges that the Defendants allowed his soiled diapers to accumulate in his cell.[2] The case was initially assigned to my late colleague, Senior United States District Judge Edwin M. Kosik.

In late 2016, following resolution of two motions to dismiss and a period of discovery, Defendants filed motions for summary judgment and Plaintiff filed a motion for default judgment, a motion for sanctions, and a motion to compel discovery based on Defendants' purported failure to respond to discovery requests.[3] On November 1, 2016, Judge Kosik issued a Memorandum and Order in which he denied the motion for default judgment and motion for sanctions, directed Defendants to respond to the motion to compel discovery, and stayed resolution of the motions for summary judgment pending the resolution of the motion to compel discovery.[4] The case was reassigned to me on February 21, 2017, following Judge Kosik's retirement from the Court. Plaintiff filed several

---

[1] Doc. 1. I will collectively refer to all defendants other than Harewood as the Commonwealth Defendants.
[2] *Id.*
[3] Docs. 76, 77, 83, 84, 90.
[4] Docs. 91-92.

other letters and motions requesting additional discovery shortly after the reassignment.[5]

I issued an Order on April 3, 2018, in which I noted that there was "potential that all or some of Plaintiff's outstanding discovery issues may have been resolved or are amenable to settlement without court intervention."[6] I accordingly denied Plaintiff's discovery motions and Defendants' motions for summary judgment without prejudice, directed the parties to confer with each other regarding the ongoing discovery issues within 30 days, and gave Plaintiff leave to file a single, comprehensive motion to compel discovery regarding any remaining discovery issues within 14 days of the parties' conference.[7] I additionally set a discovery deadline of June 4, 2018.[8]

Defendants filed motions for summary judgment on June 4, 2018, and June 3, 2019.[9] On May 22, 2019, I adopted a Report and Recommendation from United States Magistrate Judge Martin C. Carlson and granted Defendant Harewood's motion for summary judgment.[10] I subsequently granted the Commonwealth Defendants' motion for summary judgment on May 5, 2020, concluding that Plaintiff failed to exhaust administrative remedies with respect to all claims against

---

[5] *See* Docs. 108-14.
[6] Doc. 126 at 2.
[7] *Id.* at 3.
[8] Doc. 126.
[9] Docs. 128, 147.
[10] Doc. 148.

the Commonwealth Defendants.[11]  Plaintiff appealed my Order granting summary judgment to the Commonwealth Defendants.[12]

On appeal, the United States Court of Appeals for the Third Circuit affirmed my ruling in part, reversed it in part, and remanded the case to me for further proceedings.[13]  The Court of Appeals agreed with my conclusion that Plaintiff had not exhausted administrative remedies with respect to the six grievances identified in the Commonwealth Defendants' motion for summary judgment, but found that he had exhausted his administrative remedies with respect to a seventh grievance that was not mentioned in the Commonwealth Defendants' motion or supporting brief.[14]  The seventh grievance, which was filed with prison officials on July 23, 2014, alleged in pertinent part that "(1) for the past eight days, Mutschler's bedding had been soaked with urine and his discarded, urine-soaked diapers had been accumulating in his cell, and (2) there were now 18 such diapers in his cell."[15]  The grievance alleged that Defendants Tritt and Manbeck were aware of this issue.[16]

---

[11]  Docs. 167-68.
[12]  Doc. 170.  Plaintiff did not appeal the summary judgment ruling in favor of Harewood.
[13]  Doc. 175-1; *Mutschler v. Tritt*, No. 20-2022, 2021 WL 5445810, at *3 (3d Cir. Nov. 22, 2021).
[14]  *Id.* at *2.
[15]  *Id.*
[16]  *Id.*

The Court of Appeals accordingly reversed my Order to the extent that it granted summary judgment to Tritt and Manbeck as to Plaintiff's Eighth Amendment claim arising from the allegedly unsanitary conditions in his cell.[17]

I reopened the case in accordance with the Third Circuit's ruling on December 15, 2021, and referred the remaining claim against Tritt and Manbeck to mediation.[18] On July 11, 2022, the mediator reported that mediation was unsuccessful.[19]

On July 29, 2022, Plaintiff moved for default judgment arguing, *inter alia*, that Defendants had not produced relevant video footage to him.[20] I deemed the motion withdrawn on August 26, 2022, for Plaintiff's failure to file a supporting brief.[21] Plaintiff refiled the motion for default judgment with a supporting brief on October 24, 2022.[22] I denied the motion on January 10, 2023, noting that the discovery deadline had expired in 2018 and that seeking the relevant discovery years later was not appropriate.[23] Following a conference with the parties, I issued an Order on February 16, 2023, scheduling the case for a bench trial.[24]

---

[17] *Id.* at *3.
[18] Doc. 176.
[19] Doc. 180.
[20] Doc. 181.
[21] Doc. 182.
[22] Docs. 184-85.
[23] Doc. 187.
[24] Doc. 192.

On May 3, 2023, Plaintiff moved to reopen discovery and continue the bench trial, again arguing, *inter alia*, that Defendants had not produced relevant video evidence to him.[25] I denied Plaintiff's requests to grant default judgment, reopen discovery, and continue trial based on purportedly deficient discovery responses by Defendants, noting that such requests should have been asserted prior to the discovery deadline in 2018.[26]

I conducted the bench trial on May 15, 2023.[27] Shortly thereafter, I issued a Memorandum and Order granting judgment in favor of Defendants based on the evidence adduced at trial.[28] Plaintiff appealed.[29]

On May 29, 2024, the Third Circuit affirmed my judgment in part, vacated it in part, and remanded the case for further proceedings.[30] Specifically, the Court of Appeals concluded that I should have considered on the merits Plaintiff's various requests for production of video evidence rather than denying the requests for procedural reasons, but affirmed my judgment in all other respects.[31] The Court of Appeals remanded the case with instructions to "resolve the substance of the

---

[25] Docs. 213-14.
[26] *See* Docs. 187, 215.
[27] Docs. 220-21.
[28] Docs. 223-25.
[29] Doc. 229.
[30] Doc. 237-1.
[31] *Id.*

6

parties' discovery dispute and conduct such further proceedings as might be warranted thereafter."[32]

Following the remand, I conducted a status conference with the parties on July 15, 2024, to discuss the discovery issue.[33] During the conference, Defendants represented that they did not have any video evidence for the period of time relevant to Plaintiff's claims.[34] Plaintiff stated that he was in possession of video evidence that would show that he exhausted claims that were previously deemed exhausted.[35] Based on the parties' statements, I verbally ordered them to produce any relevant video footage for *in camera* review followed by a written Order confirming my instructions on July 16, 2024.[36] That Order required the parties to submit "any video footage in their possession that is potentially relevant to this case" for *in camera* review no later than July 30, 2024, and stated that I would "issue an Order clarifying what, if any, video footage is to be produced in discovery" following the *in camera* review.[37]

Defendants produced video evidence for *in camera* review as ordered on July 22, 2024.[38] Plaintiff did not produce any evidence for *in camera* review.

---

[32] *Id.* at 7.
[33] Doc. 240.
[34] *Id.*
[35] *Id.*
[36] Doc. 241.
[37] *Id.*
[38] Doc. 242.

On August 19, 2024, mail to Plaintiff—who had been released from prison prior to the case being remanded by the Third Circuit—was returned to the Court as undeliverable.[39] I issued an Order on August 22, 2024, requiring Plaintiff to update his address within 14 days and stated that if he did not do so I would order him to show cause why the case should not be dismissed for failure to prosecute.[40] Mail to plaintiff was again returned to the Court as undeliverable again on September 3, 2024, and September 16, 2024.[41] On September 18, 2024, I issued an Order to show cause why the case should not be dismissed for failure to prosecute.[42] Plaintiff did not respond, but on October 17, 2024, an employee of the Clerk's Office spoke with Plaintiff when he came to the Clerk's Office in person.[43] Plaintiff informed the employee that the address he had provided had two numbers transposed, which had caused the mailing errors. The employee corrected Plaintiff's address on the docket of this case and printed copies of the Court's Orders to update the address and to show cause and handed the copies to Plaintiff. No further communications were received from Plaintiff after this interaction.[44]

---

[39] Doc. 243.
[40] Doc. 244.
[41] Docs. 245-46.
[42] Doc. 247.
[43] The employee's written account of this interaction is reproduced on the electronic docket of this case in a format that is viewable only by court employees.
[44] Plaintiff's trip to the Clerk's office to communicate an accurate mailing address and inquire as to the status of the case demonstrated a continued willingness and effort to litigate this case. Accordingly, I will not dismiss this case for failure to prosecute at this time.

The video evidence submitted by Defendants was reviewed and it was determined that it could not be played using the technology available to Court employees. The Clerk of Court contacted Defendants' counsel about this deficiency. Defendants' counsel resubmitted the evidence in an accessible format on December 23, 2024, making the video evidence issue on which the Third Circuit has remanded this case ripe for review.

Defendants' counsel has produced three videos for the Court's *in camera* review. The first video depicts events that occurred on July 27, 2014. The second video depicts events that occurred on October 27, 2014. The third video, which was shot on a handheld camera, appears to depict prison guards escorting Plaintiff to and from a medical appointment in the prison on an unspecified date. It does not appear to the Court that any accumulation of adult diapers is viewable in the video.

The videos depicting events on July 27, 2014 and October 27, 2014 are irrelevant to this case. This case was remanded from the Third Circuit for a trial on the merits solely with respect to the claims that were grieved in Plaintiff's July 23, 2014 grievance.[45] Because the events on July 27, 2014 and October 27, 2014 occurred after this date, they are not relevant. I accordingly will not compel production of these videos.

---

[45] *See* Doc. 175-1; *Mutschler*, 2021 WL 5445810, at *2.

Although the third video depicting handheld footage of Plaintiff being taken to a medical appointment also appears to be irrelevant to Plaintiff's claims, the Court will order production of this video by Defendants; doing so appears to be the most efficient means of resolving the remaining issues in this litigation. It also does not appear to the Court that the video depicts any sensitive security concerns or other information that would draw an objection from Defendants.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Within fourteen (14) days of the date of this Order, Defendants shall produce to Plaintiff a copy of the handheld video that has been produced to the Court for *in camera* review.[46]

2. Within seven (7) days of the date of this Order, Defendants may file any objections to production of the video that they wish to assert. If any objections are filed, Defendants shall not be required to produce the video to Plaintiff until the Court has resolved the objections.

3. No other videos shall be required to be produced to Plaintiff at this time.

4. Defendants shall file a status report on the electronic docket of this case once they have produced the above video evidence to Plaintiff.

---

[46] The digital file containing this video has been labeled "video 2 of 2.Inv#2014-A-477.2015-RR-073" in the files produced for the Court's review.

5. Within fourteen (14) days of receiving the video from Defendants, Plaintiff shall file a memorandum of law or other appropriate document advancing any arguments he wishes to assert as to how the video should compel this Court to alter its previous grant of judgment in Defendants' favor.

6. If Plaintiff does not file such a document by the above deadline, the Court shall deem the evidentiary issue on which this case has been remanded from the Court of Appeals resolved and the Court's previous grant of judgment in favor of Defendants shall not be disturbed or reconsidered.

7. Defendants may file an opposition brief responding to Plaintiff's filing; if such an opposition brief is filed, Plaintiff may file a reply brief. The deadlines for the filing of the opposition brief and reply brief shall be in accordance with Local Rules 7.6 and 7.7.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge