IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY L. MUTSCHLER, | No. 3:14-CV-02477 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| BRENDA L. TRITT, *et al.*, | |
| Defendants. | |

## ORDER

**APRIL 28, 2025**

This is a prisoner civil rights case in which I granted judgment in favor of Defendants on May 24, 2023.  (*See* Docs. 223-25).  After Plaintiff appealed, the United States Court of Appeals for the Third Circuit vacated the judgment in part and remanded the case to me for further consideration of a discovery dispute regarding certain video evidence that Plaintiff had requested.  (*See* Doc. 234).  In accordance with the Third Circuit's ruling, I reopened the case and subsequently ordered the parties to produce any video footage relevant to the issue for my *in camera* review.  (Docs. 235, 241).  Defendant produced video evidence; Plaintiff did not.  (Docs. 242, 248).

After reviewing the video evidence, I issued an Order on February 11, 2025, requiring Defendants to produce one video to Plaintiff and stating that upon receiving the video, Plaintiff was to advance any arguments he wished to make as

to how the video should compel the court to reconsider its previous grant of judgment in Defendants' favor. (Doc. 249).  On February 18, 2025, Defendants filed a motion for clarification as to whether they could satisfy my previous Order by making the video available for inspection and review by the Plaintiff through, for example, a video conference at which the video would be played rather than through direct production of the video to the Plaintiff.  (Doc. 250).

    I granted Defendants' motion for clarification on March 7, 2025, allowing Defendants to arrange for Plaintiff to review the relevant video footage within 30 days, requiring Defendants to file a status report 7 days after Plaintiff reviewed the footage, and requiring Plaintiff to advance any arguments for reconsideration that he wished to advance based on the video footage within 14 days after he reviewed the footage.  (Doc. 252).  I warned that if Plaintiff did not advance any reconsideration arguments by that deadline, I would deem the evidentiary issue on which the case had been remanded from the Third Circuit resolved, decline to reconsider the judgment in favor of Defendants, and close this case.  (*Id.*)

    On April 1, 2025, Defendants filed a status report stating that Plaintiff reviewed the relevant video footage on March 25, 2025.  (Doc. 253).  Per the terms of my March 7, 2025 Order, Plaintiff was required to advance his arguments for reconsideration within 14 days of that date, or no later than April 8, 2025.  (*See* Doc. 252).  That deadline has now passed, and Plaintiff has neither advanced any

2

arguments for reconsideration nor requested an extension of time to do so.  Thus, in accordance with my March 7, 2025 Order, **IT IS HEREBY ORDERED** that:

1. The Court deems the evidentiary issue on which this case has been remanded from the Third Circuit **RESOLVED**.

2. The Court shall not reconsider or otherwise disturb the May 24, 2023, grant of judgment in favor of Defendants.

3. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge